IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO L. DUNCAN, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH A. NICKLEACH, *Prison Board*; SCOTT J. ANDREASSI, *Prison Board;* MYRA L. MILLER, *Prison Board;* RICHARD L. FINK, *Prison Board;* JAMES V. SCAHILL, *Prison Board*; WILLIAM J. LAUGHNER, *CJM Warden (Former);* DAVID HOGUE; LARRY R. CRAWFORD, *Prison Board*; PATRICIA L. KIRKPATRICK, *Prison Board,* <br><br> Defendants. | Civil Action No. 05 - 1582 <br><br> Judge Nora Barry Fischer / Magistrate Judge Lisa Pupo Lenihan |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### **I. RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 28) be granted and that judgment be entered in their favor.

### **II. REPORT**

Plaintiff, Mario L. Duncan, a pre-trial detainee previously incarcerated at the Armstrong County Jail, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 complaining about his conditions of confinement. For the reasons set forth below, the Defendants' Motion for Summary Judgment should be granted on the basis that the Plaintiff failed to comply with 42 U.S.C. § 1997e(a).

## A. Standard of Review

Presently pending is Defendants' Motion for Summary Judgment (doc. no. 28). Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## B. Exhaustion of Administrative Remedies

Defendants seek summary judgment against the Plaintiff on the basis of his alleged failure to have exhausted his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997e(a) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted. Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner). In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions. In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement. Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme Court affirmed the Court of Appeals' holding in Booth v. Churner, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated exhaustion of administrative remedies, regardless of the relief offered through those administrative procedures. As stated by the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the

exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth.

A prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after filing a complaint in federal court. Ahmed v. Dragovich 297 F.3d 201, 209 (3d Cir. 2002). Moreover, a prisoner may procedurally default his claims by failing to comply with the procedural and substantive requirements of the applicable grievance policy, thereby precluding an action in federal court. *See* Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). The United States Supreme Court adopted a similar holding in Woodford v. Ngo, 548 U.S.81, 126 S.Ct. 2378 (June 22, 2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement. Woodford, 126 S.Ct. at 2382.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." This Court has described the doctrine as follows: "[A]s a general rule ⋯ courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford, 126 S. Ct. at 2385-2386 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that

provision into a largely useless appendage. The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodard, 126 S. Ct. at 2387. The Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a fair opportunity to consider the claims, which required the grievant to comply with the procedural rules. Woodford, 126 S.Ct. at 2388.

Defendants have attached a copy of the Armstrong County Jail Inmate Complaint System (doc. no. 29-2, p.37). This policy provides that inmates may file a complaint on an Inmate Complaint Form, which will be sealed in an envelope addressed to the Deputy Warden. If the inmate is not satisfied with the answer they receive, they may appeal to the Warden in writing on a Warden Request Form within ten days. The inmate then has the right to appeal the decision to the Armstrong County Prison Board President.

In the case at bar, Plaintiff has procedurally defaulted his claims by failing to file an Inmate Complaint Form concerning the allegations he asserts in his complaint. In the absence of any controlling authority to the contrary, this Court is required to follow the directive of the United States Supreme Court and grant the Defendants' Motion for Summary Judgment due to the Plaintiff's failure to have exhausted his available administrative remedies. *Cf.* Scerbo v. Orefice 2006 WL 3762000, *8 (M. D. Pa. Dec. 20, 2006) (holding that claim set forth in Plaintiff's grievance filed over nine months after the alleged incident was procedurally defaulted).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Defendants' Motion for Summary Judgment (doc. no. 28) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Order to file objections to this Order. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

February 19, 2008

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Nora Barry Fischer
 United States District Court Judge

 Mario L. Duncan
 2004 Short St.
 Ford City, PA 16226